No. 26,800.

THE STATE OF KANSAS, *Appellee*, v. FRED HEBERT, *Appellant*.

SYLLABUS BY THE COURT.

1. BREACH OF THE PEACE—*What Constitutes.* To constitute a breach of the peace it is not necessary that actual personal violence be employed. Abusive and insulting language by one towards another, accompanied by threats of violence against such other which puts him in fear, constitutes the offense defined by R. S. 21-950.

2. SAME—*Complaint—Amendment—Failure to Verify — Necessity for Objection.* An objection that the complaint upon which the defendant was tried was amended by the addition of a word before the trial was begun, and that the complaint was not thereafter verified, is not available to defendant since he did not raise an objection when the amendment was made nor during the trial, and did not question the sufficiency of the complaint until the trial was concluded.

3. SAME—*Instructions—New Trial.* Objections to instructions given and to the overruling of the motion for a new trial are held to be without merit.

Appeal from Graham district court; CHARLES I. SPARKS, judge. Opinion filed June 12, 1926. Affirmed.

*John R. Parsons,* of Wakeeney, for the appellant.

*C. B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *James O. McVey,* county attorney, for the appellee; *W. L. Sayers* and *J. S. Parker,* both of Hill City, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: Fred Hebert appeals from a judgment of conviction rendered upon a charge of a breach of the peace. The prosecution was instituted before a justice of the peace by the filing of a complaint and the issuance of a warrant charging that on November 20, 1924, the defendant unlawfully disturbed the peace and quiet of I. O. Miller. A trial thereon resulted in a conviction, and the defendant took an appeal to the district court. There he was again convicted, and brings the case here, alleging a number of errors, one of which is that the state was permitted to amend the complaint by adding the word "willfully," so as to charge the defendant with a willful and unlawful breach of the peace. It is also stated that the complaint was not reverified after the amendment. The statute under which he was convicted provides:

Breach of the Peace, 9 C. J. pp. 387 n. 12; 391 n. 69, 392 n. 96; L. R. A. 1918F, 941; 8 R. C. L. 285. Criminal Law, 16 C. J. p. 1196 n. 37; 17 C. J. p. 53 n. 90. Indictments and Informations, 31 C. J. p. 698 n. 93.

"Every person who shall willfully disturb the peace and quiet of any person, family or neighborhood shall upon conviction thereof be fined in a sum not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding three months." (R. S. 21-950.)

The charge that defendant unlawfully disturbed the peace of Miller carries the implication that it was willfully done. However, it does not appear that there was any objection made to the making of the amendment nor to the sufficiency of the complaint as amended. Having gone through the trial without questioning the right to amend the complaint, or that it was not reverified after the amendment was made, defendant is not in a position to raise the question on this appeal.

It is contended that the testimony did not warrant the jury in finding defendant guilty of the charge. It appears to be sufficient. While no personal violence was employed by defendant, there was testimony of abusive language and threatened violence, including the brandishing of a stick which he had in his hand and a threat to mash Miller's face. There was testimony, too, that at another time he had said to a neighbor that if he ever caught Miller and his brother out he "would beat them damned near to death," and this statement was brought to the attention of Miller. A threat which tends to produce violence, provoke others to a breach of the peace and causing alarm is an invasion of the peace and security which the law affords a citizen and constitutes a violation of the statute. (9 C. J. 387.) The insulting language and threats as shown in the evidence were calculated to disturb the peace of Miller and he testified that that was its effect.

Considerable is said about the acts of Miller which tended to provoke the unlawful acts of the defendant, but there was a denial of any such provocation.

There is a criticism of the instructions given, but we find no merit in them.

One ground of the motion for a new trial was newly discovered evidence which could not be produced at the trial. An examination of the proposed evidence shows that it was not material and did not afford any ground for setting aside the verdict.

It is urged that the punishment imposed was excessively severe for the offense. The penalty provided by statute is a fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding three months. The punishment imposed was a jail sen-

tence of twenty days and a requirement that he furnish a bond in the sum of $500 to keep the peace, and in that connection the court made an order of parole as to the jail sentence. Obviously there is no ground to complain that the punishment is excessive.

The judgment is affirmed.